**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN ALLEN, | CASE NO. 1:10-cv-00183 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| T. SCOTT, et al., | (Doc. 1) |
| Defendants. | |

**Screening Order**

**I.  Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 22, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

1

506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff names the following individual defendants employed by the CDCR at Corcoran State Prison: Warden Junious; Captain Garcia; Sergeant Molina; Correctional Counselor T. Scott. Plaintiff also names as a defendant N. Grannis, Chief of the Inmate Appeals Branch in Sacramento.

On May 7, 2008, Plaintiff was advised that he was going to go before the Institutional Classification Committee (ICC) "for a pre-MERD release, and to be placed on an indeterminate SHU status based on 3 prior SHU terms I completed over 9 yrs ago." (Compl. p. 6.) Plaintiff was retained in the Security Housing Unit (SHU) on the ground that he may be a danger to the safety and security of the institution and inmates. Plaintiff was not provided staff assistance, despite being "documented as illiterate prisoner [sic]." Plaintiff alleges that "I have been in SHU for 15 months without any misconduct rule violation in over a year or more, but yet I have been given an indeterminate SHU and/or recommended for one based on a preconceived notice that I 'may' be a threat." (Id.) Plaintiff alleges that he was not given the 72 hours notice that is required to prepare for a committee hearing. Plaintiff alleges that he was not provided with staff assistance. (Compl. pp. 7-8.) Plaintiff seeks damages for his illegal retention in the SHU. Plaintiff also alleges that his placement in the SHU violated state regulations.

### A.     Retention in SHU

Plaintiff alleges that his due process rights have been violated in conjunction with his placement and retention in Ad-Seg. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to

state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68. With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

      Plaintiff is not entitled to procedural due process protections in a vacuum. In order to be entitled under federal law to any procedural due process protections, plaintiff must first have a liberty interest at stake. Plaintiff has alleged no facts that establish the existence of a liberty interest in remaining free from Ad-Seg. Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). Because plaintiff has not established the existence of a liberty interest in remaining free from Ad-Seg, plaintiff may not pursue a claim for relief under section 1983 for deprivation of procedural due process.

      Further, even if plaintiff had a liberty interest in remaining free from Ad-Seg, plaintiff has alleged no facts that support his claim he was deprived of the procedural due process protections he was due. Plaintiff specifically alleges that he was informed of the reasons for his placement in the SHU via the CDC-114 form. Plaintiff has not, however, alleged any facts suggesting that he was not provided with periodic reviews following his placement in Ad-Seg. After a prisoner has been placed

in administrative segregation, prison officials must periodically review the initial placement. See Hewitt v. Helms, 459 U.S. 460, 477 n.9; Toussaint v. McCarthy, 801 F.2d 1080, 1101 (9th Cir. 1986.) Annual review of the placement is insufficient, but a court may not impose a 90 day review period where prison officials have suggested a 120 day review period.

In summary, because plaintiff does not have a liberty interest in remaining free from Ad-Seg, plaintiff was not entitled to any procedural due process protections, and may not, therefore, pursue a claim for relief for deprivation of procedural due process. Plaintiff is entitled to very limited due process protections under federal law with respect to placement in Ad-Seg. See Toussaint, 801 F.2d at 1100-01. The complaint is unclear, however, whether Plaintiff's placement in the SHU is subject to periodic review. Plaintiff has not alleged any facts regarding whether or how often his placement in the SHU has been periodically reviewed.

**B.    Supervisory Liability**

Plaintiff names as defendants Warden Junious and Appeals Coordinator Grannis. Under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff has not alleged any facts suggesting that Warden Junious or Appeals Coordinator was personally involved in the conduct at issue in this lawsuit.

**III.   Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983 or the ADA. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this

order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

5

| | |
|---|---|
| Dated:  **April 1, 2011** | **/s/ Gary S. Austin**<br>UNITED STATES MAGISTRATE JUDGE |